## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 10 B 30268 |
| MATTHEW J. BOOKSTEIN and, | ) | Judge Hon. Schmetterer |
| MICHELLE L. BOOKSTEIN, | ) | Chapter 13 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| MATTHEW J. BOOKSTEIN and, | ) | |
| MICHELLE L. BOOKSTEIN, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ADV. NO. 10 A 01783 |
| | ) | |
| BARCLAY'S CAPITAL REAL ESTATE, INC. | ) | Hon. Jack B. Schmetterer |
| d/b/a HOMEQ SERVICING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### FINDINGS OF FACT AND CONCLUSION OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken

as confessed against BARCLAY'S CAPITAL REAL ESTATE, INC., the following findings of fact

and the conclusions of law are made and will be entered:

1. Plaintiffs are individuals residing at 10633 S. Princess, Chicago Ridge, IL 60415.

2. BARCLAY'S CAPITAL REAL ESTATE, INC. is a lender and/or servicer of

mortgages.

3. Plaintiffs filed for relief under Chapter 13 of the United States Bankruptcy Code on

07/06/10 in the Northern District of Illinois, case number 10-30268.

4. This Adversary proceeding arises under Sections 502 and 506 of the United States

1



Bankruptcy Code.

5.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157

and 1334 and this is a core proceeding under 28 U.S.C. § 157.

6.      Plaintiffs are the owners of real estate located at 10633 S. Princess, Chicago Ridge,

IL 60415 described as follows:

Section 17, Township: 37 North, Range 13

Common Address: 10633 S. Princess, Chicago Ridge, IL 60415

Parcel ID: 24-17-120-014-0000

7.      The fair market value of the real estate is $160,000.00 pursuant to Exhibit A to the

original Adversary Complaint.

8.      A first mortgage lien is currently held by Wells Fargo Bank in the amount of

$204,000.00 pursuant to the claim that Wells Fargo Bank filed in the underlying

bankruptcy - claim number 2.

9.      Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be

allowed a secured claim to the extent of the value of the estate's interest in the

property securing the claim, and Defendant's lien is void to the extent that it is not

allowed a secured claim.

10.     The amount owed on the first mortgage, $240,000.00, exceeds the value of the above

real estate, $160,000.00.

11.     Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured,

it should not be allowed as a secured claim, and the mortgage may be stripped off.

See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276

B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald,

205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane,

280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir.2002); In re

Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed:

Jack B. Schmetterer

NOV 2 3 2010

Prepared By:
Thomas M. Britt
LAW OFFICES OF THOMAS M. BRITT, P.C.
7601 W. 191st Street, Suite 1W
Tinley Park, IL 60487
(815) 464-5533